PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA LAWSON, | ) | |
| | ) | CASE NO. 4:17CV358 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES ATTORNEY | ) | |
| GENERAL, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Sheila Lawson filed a fee-paid Complaint in this action against the United

States Attorney General and the Director of the Federal Bureau of Investigation ("FBI"). ECF

No. 1. She alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et. seq.*, and the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, in connection with her efforts to obtain reinstatement

of employment with the FBI. For the following reasons, the Court dismisses the Complaint.

## I. Background

Plaintiff contends that she worked for the FBI as a Special Agent ("SA") from

approximately October 15, 1995 through July 7, 2006, when she resigned from her position.

ECF No. 1 at PageID #: 4, ¶¶ 9, 10. Plaintiff alleges that, prior to her resignation, she

"participated in the [Equal Employment Opportunity ("EEO")] discrimination complaint

process," but later "withdrew" that complaint. *Id.* at PageID #: 4, ¶ 13. From 2007 through

2010, she requested that she be reinstated to her SA position, but was ultimately denied

reinstatement in 2010. *Id.* at PageID #: 4, ¶ 14. In 2010 and 2011, Plaintiff "participated in the formal [Equal Employment Opportunity Commission ("EEOC")] complaint process," arguing that she was denied reinstatement with the FBI based on "discriminatory age-based policies, discriminatory hiring practices and/or retaliation." *Id.* at PageID #: 4–5, ¶ 15. Additionally, Plaintiff alleges that, around the same time, she filed a "spinoff EEOC discrimination and/or retaliation complaint" with an "EEOC Administrative Judge." *Id.* at PageID #: 5, ¶ 16. This complaint alleged that the former FBI Unit Chief "intentionally deterred [her] from participating in EEO activity." *Id.* In August of 2014, Plaintiff filed another EEO discrimination and retaliation complaint, alleging that FBI SAs in the Cleveland Division and FBI Confidential Human Sources officials deterred Plaintiff from participating in the 2010 EEOC complaint. *Id.* at PageID #: 6–7, ¶ 28. Plaintiff also contends that the FBI and others committed various criminal actions against Plaintiff because of her participation in EEO activities. *Id.* at PageID #: 7–16. Ultimately, the EEOC did not find discrimination in connection with her EEO complaints. *See id.* at PageID #: 9, ¶ 41 (stating that Plaintiff received two notices from the EEOC in July 2015 informing her of her "right to file a lawsuit . . . in either or both matters that were being reviewed by the EEOC[.]")

Plaintiff alleges that Defendants discriminated against her in violation of Title VII and the ADEA by denying her reinstatement with the FBI, and that Defendants unlawfully retaliated against her based on "prior and pending protected EEO activity." She seeks reinstatement to her SA position, as well as damages.

## II. Standard of Review

Although *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A district court "may, at any time, *sua sponte* dismiss a [*pro se*] complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## III. Discussion

The Court finds that all of Plaintiff's claims warrant *sua sponte* dismissal pursuant to *Apple v. Glenn*. Plaintiff has already filed two federal lawsuits against the Attorney General and FBI Director, alleging discrimination and retaliation under Title VII and the ADEA, in connection with her efforts to obtain reinstatement with the FBI.[1] *See Lawson v. Lynch*, No. 4:15CV2140, 2017 WL 979115 (N.D. Ohio Mar. 14, 2017); *Lawson v. Lynch*, No. 15CV1723 (D.D.C.) (filed Oct. 19, 2015). On March 14, 2017, Judge Lioi dismissed Plaintiff's discrimination and retaliation claims against the Attorney General and FBI Director on the merits, detailing two bases for dismissal. *Lawson*, 2017 WL 979115, at *8. First, Plaintiff's claims were time-barred because she did not file her lawsuit within the strict ninety-day statutory

---

[1] Plaintiff has also filed other *pro se* lawsuits alleging discrimination and retaliation against the City of Youngstown and others, which have been dismissed. *See Lawson v. City of Youngstown, et al.*, No. 4:16CV1057, 2016 WL 28962715 (N.D. Ohio May 17, 2016); *Lawson v. City of Youngstown, et al.*, Case No. 4:10CV2945.

(4:17CV358)

of limitations period following receipt of her July 2015 right-to-sue letters.  *Id.* at *4–5.  Second,

Plaintiff failed to state plausible discrimination and retaliation claims, because she did not plead

facts plausibly connecting Defendants to any adverse employment against her after the FBI

denied her reinstatement.  *Id.* at *6–7.

Under the doctrine of *res judicata*, a final judgment on the merits in an action bars

re-litigation between the parties or their privies on issues that were or could have been raised in

the  prior action.  *W.J. O'Neil Co. v. Shepley, Bullfinch, Richardson & Abbott, Inc.*, 765 F.3d

625, 630 (6th Cir. 2014).  In the case before Judge Lioi, Plaintiff raised, and lost, discrimination

and retaliation claims against Defendants under Title VII and the ADEA in connection with her

attempts for reinstatement with the FBI.  Accordingly, Plaintiff's claims in this action are barred,

frivolous, and no longer open to litigation because Plaintiff raised, or could have raised, these

claims in her prior lawsuit before Judge Lioi.

Furthermore, to the extent Plaintiff purports to base her retaliation claims in this case on

different or subsequent allegations than those she alleged in her prior case, her retaliation claims

are also implausible for the same reasons Judge Lioi found her prior retaliation claims

insufficient.  Plaintiff's Complaint does not set forth discernible facts plausibly connecting

Defendants to any adverse employment action against her after the FBI denied her reinstatement.

### IV. Conclusion

For the reasons set forth above, this action is dismissed pursuant to the Court's authority

established in *Apple v. Glenn*.

4

(4:17CV358)

      IT IS SO ORDERED.


  May 31, 2017                         */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                        United States District Judge